CAUSE NO. DC-13-01165

| | | |
|---|---|---|
| RSR CORPORATION, REVERE SMELTING & REFINING CORPORATION, ECO-BAT NEW YORK, LLC, QUEMETCO, INC., ECO-BAT INDIANA, LLC, QUEMETCO WEST, LLC., <br> Plaintiffs, <br><br> v. <br><br> JOHNSON CONTROLS BATTERY GROUP, INC., <br><br> Defendant. | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT <br><br><br><br><br><br> OF DALLAS COUNTY, TEXAS <br><br><br><br><br><br> H-160TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiffs RSR Corporation, Revere Smelting & Refining Corporation, Eco-Bat New York, LLC, Quemetco, Inc., Eco-Bat Indiana, LLC, Quemetco West, LLC (together "RSR" or "Plaintiffs") file this Original Petition and Jury Demand against Defendant Johnson Controls Battery Group, Inc. ("JCI" or "Defendant"), upon personal knowledge of their own actions, and upon information and belief as to all others, as follows:

### I.

### PRELIMINARY STATEMENT

1. JCI is the dominant player in the domestic automotive battery market, accounting for almost 70 percent of all auto batteries in North America. RSR is a leading supplier of lead and lead alloys used by JCI, among others, to manufacture such batteries. In January 2008, RSR and JCI entered into an agreement whereby JCI agreed to pay RSR to process and recycle scrap lead into material that could be used to manufacture new automotive batteries (the "Supply



Agreement"). RSR fully performed under the Supply Agreement. JCI, however, unequivocally declared that it has no intention of performing its continuing payment obligations to RSR under the Supply Agreement. Accordingly, RSR now files this Petition to collect the millions of dollars that JCI owes it under the agreement for work that RSR has already performed.

## II.

## DISCOVERY CONTROL PLAN

2. RSR intends to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.3 because this suit seeks monetary relief in excess of $50,000.

## III.

## PARTIES

A. **Plaintiffs**

3. Plaintiff RSR Corporation ("RSR") is a Delaware corporation with its principal place of business in Dallas, Texas.

4. Plaintiff Revere Smelting & Refining Corporation is Delaware corporation with its principal place of business in Dallas, Texas.

5. Plaintiff Eco-Bat New York, LLC ("Eco-Bat NY") is a New York limited liability company location in Middletown, New York.

6. Plaintiff Quemetco, Inc. ("Quemetco"), a wholly-owned subsidiary of RSR, is a Texas corporation, with its principal place of business in Dallas, Texas.

7. Plaintiff Eco-Bat Indiana, LLC ("Eco-Bat Indiana") is an Indiana limited liability company located in Indianapolis, Indiana.

8. Plaintiff Quemetco West, LLC ("Quemetco West") is a California limited liability company located in the City of Industry, California.

B.   **Defendant**

9.   Johnson Controls Battery Group, Inc. is a Wisconsin Corporation that does business in Dallas, Texas. It may be served through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

### IV.

### JURISDICTION AND VENUE

10.   This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

11.   This Court has personal jurisdiction over JCI because it maintains an office and place of business for transacting business in the State of Texas.

12.   Venue is proper in Dallas County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claims occurred in Dallas County, Texas.

### V.

### FACTS APPLICABLE TO ALL CAUSES OF ACTION

A.   **JCI Dominates In The Automotive Battery Market.**

13.   JCI was founded in 1885 and is headquartered in Milwaukee, Wisconsin. Today, JCI is the dominant supplier of automotive batteries in North America. Indeed, JCI currently holds an almost 70 percent share of the North American automotive battery market. JCI reported sales in 2012 of approximately 75 million batteries in North America.

B.   **RSR And Its Business Of Lead Recycling.**

14.   RSR, through its subsidiaries and affiliates, is one of the nation's largest producers of pure lead and lead alloys from recycled lead-acid battery components and other

scrap. RSR was formed in the early 1970s. Since then, RSR and its subsidiaries and affiliates have grown into an international, multi-plant network.

15.     RSR is a privately held secondary lead smelting company that operates lead acid battery recycling facilities in California, Indiana, and New York. RSR uses state of the art technology and a highly trained workforce to ensure the lead acid batteries that are recycled into refined lead do not harm the environment, employees, or the communities in which they work. The reclamation of spent-lead acid batteries ("SLABs") is a true environmental success story.

### C.     JCI And RSR Enter Into A Supply Agreement.

16.     JCI and RSR entered into a Supply Agreement on January 1, 2008 ("Supply Agreement"), which ended on December 31, 2012.

17.     Under the terms of the Supply Agreement, JCI agreed to pay RSR to recyle, process and refine spent and scrap lead, including lead that JCI itself delivers to RSR, into refined lead and poly scrap (*e.g.*, polypropylene casing material for batteries) that JCI then uses manufacture new automotive batteries.

### D.     RSR Performs Its Obligations Under The Supply Agreement.

18.     RSR fully performed all of its obligations to JCI under the Supply Agreement. During the term of the contract, RSR tolled hundreds of thousands of tons of scrap batteries for JCI.

### E.     JCI Declares Its Absolute Intention To Refuse To Perform Its Obligations Under The Supply Agreement To Pay RSR Millions It Owes For Goods And Services Already Rendered And Delivered By RSR.

19.     On January 25, 2013, unilaterally, and without warning, JCI sent RSR a letter in which it expressly declared that it would not make any further payments pursuant to the Supply Agreement. Specifically, JCI stated that "as of the date of this notice," it was "suspend[ing] all of its future performance obligations under the [Supply] Agreement, including, but not limited

to, all remaining payment obligations due under the Agreement." JCI, however, owes RSR millions of dollars for goods and services that RSR has already provided to JCI under the Supply Agreement.

20. Accordingly, by its letter of January 25, 2013, JCI unequivocally and affirmatively committed an anticipatory breach of the Supply Agreement by stating, in writing, its absolute intention to abandon, renounce, and refuse to perform its payment obligations to RSR under the Supply Agreement. As a result, RSR has been forced to file this lawsuit in order to recover the millions of dollars owed to it by JCI.

## VI.

## CLAIMS

### A.    Count One: Anticipatory Breach Of Contract

21. RSR hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

22. As detailed above, JCI and RSR entered into a Supply Agreement on January 1, 2008, which is a valid and enforceable contract.

23. RSR has rightfully performed it obligations under the Supply Agreement.

24. In a written letter to RSR dated January 25, 2013, JCI declared its fixed, distinct, unequivocal and absolute refusal to perform its payment obligations under the Supply Agreement.

25. As a result, RSR has been damaged in the amount of at least $25,316,081.49, the total amount that is owed to RSR under the terms of the Supply Agreement.

## VII.

## JURY DEMAND

26. RSR demands a jury trial and will tender the appropriate fee with this Petition.

## VIII.

## CONDITIONS PRECEDENT

27. All conditions precedent to RSR's claims for relief have been performed or have occurred.

## IX.

## REQUEST FOR DISCLOSURES

28. Under Texas Rule of Civil Procedure 194, RSR requests that JCI disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X.

## PRAYER

WHEREFORE Plaintiffs RSR Corporation, Revere Smelting & Refining Corporation, Eco-Bat New York, LLC, Quemetco, Inc., Eco-Bat Indiana, LLC, Quemetco West, LLC request that this Court enter judgment in their favor and award the following relief against Johnson Controls Battery Group, Inc.:

a. compensatory damages;

b. consequential damages;

c. reasonable and necessary attorneys' fees;

d. costs of court;

e. prejudgment and post judgment interest at the highest lawful rate; and

f. all other appropriate relief the Court deems justified.

Respectfully submitted,

**BICKEL & BREWER**

By: *Amy M Stewart*

William A. Brewer III
State Bar No. 02967035
C. Dunham Biles
State Bar No. 24042407
Amy M. Stewart
State Bar No. 24060660

1717 Main Street, Suite 4800
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

**ATTORNEYS FOR PLAINTIFFS RSR CORPORATION, RSR CORPORATION, ECO-BAT NEW YORK, LLC, QUEMETCO, INC., ECO-BAT INDIANA, LLC, QUEMETCO WEST, LLC.**



## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

JOHNSON CONTROLS BATTERY GROUP INC
SERVE REGISTERED AGENT CT CORPORATION SYSTEM
350 N ST PAUL ST
SUITE 2900
DALLAS TX 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **RSR CORPORATION, ET AL**

Filed in said Court **28th day of January, 2013** against

**JOHNSON CONTROLS BATTERY GROUP INC**

For Suit, said suit being numbered **DC-13-01165,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of February, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy

---

ATTY

## CITATION

DC-13-01165

RSR CORPORATION, et al
vs.
JOHNSON CONTROLS BATTERY GROUP INC

ISSUED THIS
1st day of February, 2013

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: HECTOR FAULK, Deputy

**Attorney for Plaintiff**
AMY M STEWART
COX & SMITH
1201 ELM ST SUITE 3300
DALLAS TX 75270
214-698-7800

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED **RSR Corporation et al. vs Johnson Controls Battery Group, Inc.**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet:

**Name:** Amy Stewart
**Email:** Aws@bickelbrewer.com
**Address:** 1717 Main St. #4800
**Telephone:** 214-653-4000
**City/State/Zip:** Dallas TX 75201
**Fax:** 214-653-1015
**Signature:** /s/ Amy Stewart
**State Bar No:** 24060660

### Names of parties in case:

**Plaintiff(s)/Petitioner(s):** RSR Corporation et al

**Defendant(s)/Respondent(s):** Johnson Controls Battery Group Inc.

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
[X] Attorney for Plaintiff/Petitioner
[ ] Pro Se Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
*Debt/Contract*
[ ] Consumer/DTPA
[X] Debt/Contract
[ ] Fraud/Misrepresentation
[ ] Other Debt/Contract
*Foreclosure*
[ ] Home Equity—Expedited
[ ] Other Foreclosure
[ ] Franchise
[ ] Insurance
[ ] Landlord/Tenant
[ ] Non-Competition
[ ] Partnership
[ ] Other Contract

**Injury or Damage**
[ ] Assault/Battery
[ ] Construction
[ ] Defamation
*Malpractice*
 [ ] Accounting
 [ ] Legal
 [ ] Medical
 [ ] Other Professional Liability
[ ] Motor Vehicle Accident
[ ] Premises
*Product Liability*
 [ ] Asbestos/Silica
 [ ] Other Product Liability
  List Product: _____
[ ] Other Injury or Damage:

**Real Property**
[ ] Eminent Domain/Condemnation
[ ] Partition
[ ] Quiet Title
[ ] Trespass to Try Title
[ ] Other Property

*Related to Criminal Matters*
[ ] Expunction
[ ] Judgment Nisi
[ ] Non-Disclosure
[ ] Seizure/Forfeiture
[ ] Writ of Habeas Corpus—Pre-indictment
[ ] Other: _____

**Employment**
[ ] Discrimination
[ ] Retaliation
[ ] Termination
[ ] Workers' Compensation
[ ] Other Employment: _____

**Other Civil**
[ ] Administrative Appeal
[ ] Antitrust/Unfair Competition
[ ] Code Violations
[ ] Foreign Judgment
[ ] Intellectual Property
[ ] Lawyer Discipline
[ ] Perpetuate Testimony
[ ] Securities/Stock
[ ] Tortious Interference
[ ] Other: _____

### Family Law

**Marriage Relationship**
[ ] Annulment
[ ] Declare Marriage Void
*Divorce*
 [ ] With Children
 [ ] No Children

**Other Family Law**
[ ] Enforce Foreign Judgment
[ ] Habeas Corpus
[ ] Name Change
[ ] Protective Order
[ ] Removal of Disabilities of Minority
[ ] Other: _____

**Post-judgment Actions (non-Title IV-D)**
[ ] Enforcement
[ ] Modification—Custody
[ ] Modification—Other

*Title IV-D*
[ ] Enforcement/Modification
[ ] Paternity
[ ] Reciprocals (UIFSA)
[ ] Support Order

**Parent-Child Relationship**
[ ] Adoption/Adoption with Termination
[ ] Child Protection
[ ] Child Support
[ ] Custody or Visitation
[ ] Gestational Parenting
[ ] Grandparent Access
[ ] Parentage/Paternity
[ ] Termination of Parental Rights
[ ] Other Parent-Child: _____

### Tax
[ ] Tax Appraisal
[ ] Tax Delinquency
[ ] Other Tax

### Probate & Mental Health
*Probate/Wills/Intestate Administration*
[ ] Dependent Administration
[ ] Independent Administration
[ ] Other Estate Proceedings

[ ] Guardianship—Adult
[ ] Guardianship—Minor
[ ] Mental Health
[ ] Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

[ ] Appeal from Municipal or Justice Court
[ ] Arbitration-related
[ ] Attachment
[ ] Bill of Review
[ ] Certiorari
[ ] Class Action
[ ] Declaratory Judgment
[ ] Garnishment
[ ] Interpleader
[ ] License
[ ] Mandamus
[ ] Post-judgment
[ ] Prejudgment Remedy
[ ] Protective Order
[ ] Receiver
[ ] Sequestration
[ ] Temporary Restraining Order/Injunction
[ ] Turnover